# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Harold Beynum**<br>**1216 Missouri Ave., NW**<br>**Apt 1**<br>**Washington, DC 20001** | ) ) ) ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) ) |
| **J.A. Clay**<br>**Fifth District Station**<br>**1805 Bladensburg Rd., NE**<br>**Washington, DC 20002**<br>**and** | ) ) ) ) ) |
| **D.C. Metropolitan Police Dept.**<br>**Fifth District Station**<br>**1805 Bladensburg Rd., NE**<br>**Washington, DC 20002** | ) ) ) ) |
| **and** | ) ) |
| **District of Columbia**<br>**Defendants.** | ) ) |

Civil Action No.: _____

## NOTICE OF REMOVAL

The D.C. Metropolitan Police Department and the District of Columbia, are

defendants in the case Beynum v. J.A. Clay *et al.,* Civil Action No. 06-8267, now

pending in the Superior Court of the District of Columbia.  Pursuant to 28 U.S.C. §§1441

and 1446, these defendants  remove the above action from the Superior Court of the

District of Columbia to this Honorable Court because the claims raised in plaintiff's

complaint present federal questions appropriate for this Court.

Causes of action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" are removable without regard to the citizenship or residence of the parties. See 28 U.S.C. § 1441(b). Pursuant to 28 U.S.C. § 1446, parties have 30 days after the receipt of the complaint, through service or otherwise, to file its removal of an action to the Untied States District Court. The herein named defendants received a copy of the Summons and Complaint on or about December 8, 2006. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders received by undersigned counsel in this matter are attached hereto and incorporated by reference herein.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/

PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

/s/

LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7854; (202) 724-7854; (202) 727-6295
leah.taylor@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this  day of December 2006, a copy of the foregoing

Notice of Removal was mailed, postage prepaid to:
**Harold Beynum**
**1216 Missouri Ave., NW**
**Apt 1**
**Washington, DC 20001**

Lauren Pisano, Esq.
481 N. Frederick Avenue
#300
Gaithersburg, MD 20877

Leah Brownlee Taylor
Assistant Attorney General

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

**HAROLD BEYNUM**
1216 Missouri Ave., N.W., Apt. 1
Washington, D.C. 20011

       Plaintiff

v.

       **Case No.:**

**J.A. Clay**
Fifth District Station
1805 Bladensburg Rd., N.E.
Washington, D.C. 20002

and

**D.C. METROPOLITAN POLICE
DEPARTMENT**
Fifth District Station
1805 Bladensburg Rd., N.E.
Washington, D.C. 20002

and

**DISTRICT OF COLUMBIA**
**Serve: Anthony A. Williams**
Mayor of District of Columbia
John A. Wilson Building
1350 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

       Defendant

*and Office of the Attorney General*
*441 4th Street, N.W.*
*Washington, D.C. 20001*

**COMPLAINT**

FILED
CIVIL ACTIONS BRANCH
NOV 1 4 2006
Superior Court
of the District of Columbia
Washington, D.C.

COMES NOW the Plaintiff, Harold Beynum, by and through his attorneys,

Lauren Pisano and Berman, Sobin & Gross, LLP sues the Defendant, J.A. Clay, and for

cause of action state the following:

BERMAN, SOBIN
& GROSS, LLP
SUITE 100
481 NORTH FREDERICK AVE
GAITHERSBURG, MD 20877
(301) 670-7030

Case: 2006 CA 008267 B

## COUNT I
### (Assault and Battery- Defendant J.A. Clay)

1.      That jurisdiction is conferred by D.C. Code Section 11-921;

2.      That on November 15, 2005, the Plaintiff, Harold Beynum was working for Direct TV and installing cable wires at a customers home at 308 F Street, N.E. in Washington, D.C.;

3.      That on November 15, 2005, Defendant J.A. Clay, a Metropolitan Police Department Officer and his partner pulled up to the residence at 308 F Street, N.E;

4.      That while Officer Clay's partner got out of the vehicle and spoke with Plaintiff, Harold Beynum and asked if he could loosely handcuff him the Plaintiff offered no objections or resistance to the request;

5.      That the Defendant, Clay without provocation, approached the Plaintiff, Beynum who remained handcuffed and slammed Plaintiff's face into a wooden fence several times. Defendant, Clay then proceeded to punch the handcuffed Plaintiff, in the face several time;

6.      That Defendant, Clay then removed the handcuffs and the police officers left the property;

7.      That Plaintiff was on the property with the owner's expressed consent and was not under arrest by the officers at any time, nor did there exist probable cause to make an arrest;

8.      That as a direct result of Defendant's attack, Plaintiff incurred economic damages in the form of medical expenses and loss of income.

WHEREFORE, the Plaintiff, Harold Beynum, demands compensatory damages of the Defendant, J.A. Clay, in the amount of One Hundred Thousand Dollars ($100,000.00), plus interest and the costs of this suit.

## COUNT II
### (Assault and Battery- Defendant D.C. Metropolitan Police Depart.)

9.      That the Plaintiff, Harold Beynum, hereby incorporates and adopts by reference the allegations contained the Count above and further states;

10.      That the Defendant, D.C. Metropolitan Police Department was the employer of Defendant Clay at time relevant to this Complaint;

11.      That it is believed, and therefore alleged, that at all times relevant to this Complaint, the actions of Defendant Clay as herein described were committed while he was acting within the course and scope of his employment with Defendant D.C. Metropolitan Police Department;

WHEREFORE the Plaintiff, Harold Beynum, claims of the Defendant, D.C. Metropolitan Police Department, punitive damages in the amount of One Hundred Thousand Dollars ($100,000.00), plus interest and costs of the suit herein.

## COUNT III
### (Assault and Battery- Defendant District of Columbia)

12.      That the Plaintiff, Harold Beynum, hereby incorporates and adopts by reference the allegations contained the Count above and further states;

13.      That the Defendant, District of Columbia was the employer of Defendant Clay at time relevant to this Complaint;

14.      That it is believed, and therefore alleged, that at all times relevant to this Complaint, the actions of Defendant Clay as herein described were committed while he

was acting within the course and scope of his employment with Defendant District of Columbia;

WHEREFORE the Plaintiff, Harold Beynum, claims of the Defendant, District of Columbia, punitive damages in the amount of One Hundred Thousand Dollars ($100,000.00), plus interest and costs of the suit herein.

## COUNT IV
### (Punitive Damages—Defendant J.A. Clay)

15. That the Plaintiff, Harold Beynum, hereby incorporates and adopts by reference the allegations contained the Count above and further states;

16. That the Defendant, J.A. Clay, acted maliciously and without due regard for the Plaintiff, in such a manner as to demonstrate complete and total disregard for the mental and physical well-being of the Plaintiff;

WHEREFORE the Plaintiff, Harold Beynum, claims of the Defendant, J.A. Clay, punitive damages in the amount of One Hundred Thousand Dollars ($100,000.00), plus interest and costs of the suit herein.

## COUNT V
### (Punitive Damages—Defendant D.C. Metropolitan Police Depart.)

17. That the Plaintiff, Harold Beynum, hereby incorporates and adopts by reference the allegations contained the Count above and further states;

18. That the Defendant, D.C. Metropolitan Police Department employed J.A. Clay who acted maliciously and without due regard for the Plaintiff, in such a manner as to demonstrate complete and total disregard for the mental and physical well-being of the Plaintiff;

WHEREFORE the Plaintiff, Harold Beynum, claims of the Defendant, D.C.

Metropolitan Police Department, punitive damages in the amount of One Hundred

Thousand Dollars ($100,000.00), plus interest and costs of the suit herein.

**COUNT VI**
**(Punitive Damages—Defendant District of Columbia)**

19.     That the Plaintiff, Harold Beynum, hereby incorporates and adopts by

reference the allegations contained the Count above and further states;

20.     That the Defendant, District of Columbia employed J.A.

Clay who acted maliciously and without due regard for the Plaintiff, in such a manner as

to demonstrate complete and total disregard for the mental and physical well-being of the

Plaintiff;

WHEREFORE the Plaintiff, Harold Beynum, claims of the Defendant, District of

Columbia, punitive damages in the amount of One Hundred Thousand Dollars

($100,000.00), plus interest and costs of the suit herein.

**COUNT VII**
**(Violation of Civil Rights Under 42 U.S.C. § 1983—Defendant J.A. Clay)**

21.     Plaintiff adopts and incorporates by reference paragraphs 1 through 20 of

this Complaint.

22.     At all times, Defendant Clay acted under color and pretence of law, and

under color of statutes, customs and usages of the United States and the District of

Columbia.

23.     By acting in the manner outlined above, Defendant Clay deprived Plaintiff

of the rights, privileges and immunities guaranteed to Plaintiff under Constitution and

laws of the United States, including, but not limited to, the 4th Amendment and the due process clause of the 14th Amendment.

24.     The Defendant's actions were malicious, wanton, arbitrary and conscious shocking.

25.     As a result of Defendant' Clay's conduct, Plaintiff has suffered damages non-economic and economic damages, including medical expenses and loss of income.

WHEREFORE, the Plaintiff, Harold Beynum, demands compensatory damages of the Defendant, J.A. Clay, in the amount of One Hundred Thousand Dollars ($100,000.00), plus interest and the costs of this suit.

<u>COUNT VIII</u>
**(Violation of Civil Rights Under 42 U.S.C. § 1983—Defendant Metropolitan Police Depart.)**

26.     Plaintiff adopts and incorporates by reference paragraphs 1 through 25 of this Complaint.

27.     The violation of the Plaintiff's Constitutional rights was committed by and with the actual and/or constructive knowledge of policymakers within the Defendant Metropolitan Police Department.

28.     Defendant J.A. Clay's actions were part of an acceptable practice, custom and/or policy of the Metropolitan Police Department. Such customs, policies and practices demonstrate conscious-shocking deliberate indifference for the Plaintiff's Constitutional rights and were a proximate cause of the injuries to the Plaintiff.

29.     Defendant Metropolitan Police Department failed to established practices, customs and/or policies to prevent the actions of Defendant J.A. Clay and the failure to

do so demonstrates conscious-shocking deliberate indifference to Plaintiff's

Constitutional rights.

30.    Defendant Metropolitan Police Department had actual and/or constructive

knowledge of repeated allegations of similar abusive behavior, such as that described

herein and repeatedly failed to take action to prevent it from happening again in the

future, despite actual and/or constructive knowledge that such behavior would happen

again in the future.

31.    Defendant Metropolitan Police Department thereby deprived Plaintiff of

the rights, privileges and immunities guaranteed to Plaintiff under Constitution and laws

of the United States, including, but not limited to, the 4th Amendment and the due process

clause of the 14th Amendment.

32.    As a result of Defendant Metropolitan Police Department's acts and/or

omissions, Plaintiff has suffered damages non-economic and economic damages,

including medical expenses and loss of income.

WHEREFORE, the Plaintiff, Harold Beynum, demands compensatory damages

of the Defendant, Metropolitan Police Department, in the amount of One Hundred

Thousand Dollars ($100,000.00), plus interest and the costs of this suit.

## COUNT IX
**(Violation of Civil Rights Under 42 U.S.C. § 1983—Defendant District Of Columbia)**

33.    Plaintiff adopts and incorporates by reference paragraphs 1 through 32 of

this Complaint.

34.    The violation of the Plaintiff's Constitutional rights was committed by and

with the actual and/or constructive knowledge of policymakers within the Defendant

District of Columbia.

35.    Defendant J.A. Clay's actions were part of an acceptable practice, custom and/or policy of the District Of Columbia. Such customs, policies and practices demonstrate conscious-shocking deliberate indifference for the Plaintiff's Constitutional rights and were a proximate cause of the injuries to the Plaintiff.

36.    Defendant District Of Columbia failed to established practices, customs and/or policies to prevent the actions of Defendant J.A. Clay and the failure to do so demonstrates conscious-shocking deliberate indifference to Plaintiff's Constitutional rights.

37.    Defendant District Of Columbia had actual and/or constructive knowledge of repeated allegations of similar abusive behavior, such as that described herein and repeatedly failed to take action to prevent it from happening again in the future, despite actual and/or constructive knowledge that such behavior would happen again in the future.

38.    Defendant District Of Columbia thereby deprived Plaintiff of the rights, privileges and immunities guaranteed to Plaintiff under Constitution and laws of the United States, including, but not limited to, the 4th Amendment and the due process clause of the 14th Amendment.

39.    As a result of Defendant District Of Columbia's acts and/or omissions, Plaintiff has suffered damages non-economic and economic damages, including medical expenses and loss of income.

WHEREFORE, the Plaintiff, Harold Beynum, demands compensatory damages of the Defendant, District Of Columbia, in the amount of One Hundred Thousand Dollars ($100,000.00), plus interest and the costs of this suit.

**COUNT X**
**(Violation of Civil Rights Under 42 U.S.C. § 1983—John Doe Supervisors)**

40.　　Plaintiff adopts and incorporates by reference paragraphs 1 through 39 of this Complaint.

41.　　Upon information and belief, at the time of the occurrence described in this Complaint, certain unknown John Doe supervisors were responsible for the training, supervision and discipline of all employees within the Metropolitan Police Department.

42.　　These supervisors had a duty to establish, enforce, direct, supervise and control policies, customs, practices, usages, and procedures to be used by employees of the Metropolitan Police Department, such as Defendant J.A. Clay, and to prevent behavior such as that of Defendant J.A. Clay as described herein.

43.　　The failure to have fulfill said duties represented conscious-shocking deliberate indifference to individuals such as Plaintiff because they had actual and/or constructive knowledge of similar previous behavior and actual and/or constructive knowledge that similar behavior would happen again in the future.

44.　　The John Doe supervisors thereby deprived Plaintiff of the rights, privileges and immunities guaranteed to Plaintiff under Constitution and laws of the United States, including, but not limited to, the 4th Amendment and the due process clause of the 14th Amendment.

45.　　As a result of the Defendant John Doe supervisors' conduct, Plaintiff has suffered damages non-economic and economic damages, including medical expenses and loss of income.

WHEREFORE, the Plaintiff, Harold Beynum, demands compensatory damages of the Defendant, John Doe supervisors, in the amount of One Hundred Thousand Dollars ($100,000.00), plus interest and the costs of this suit.

BERMAN, SOBIN & GROSS, LLP

Lauren Pisano, Esquire
481 N. Frederick Ave, Suite 300
Gaithersburg, MD 20877
(301) 670-7030
Attorney for Plaintiff
D.C. Bar No. 492534

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| **HAROLD BEYNUM**<br>1216 Missouri Ave., N.W., Apt. 1<br>Washington, D.C. 20011 | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **Case No.:** |
| | : | |
| **J.A. Clay**<br>Fifth District Station<br>1805 Bladensburg Rd., N.E.<br>Washington, D.C. 20002 | : | |
| | : | |
| and | : | |
| | : | |
| **D.C. METROPOLITAN POLICE**<br>**DEPARTMENT**<br>Fifth District Station<br>1805 Bladensburg Rd., N.E.<br>Washington, D.C. 20002 | : | |
| | : | |
| and | : | |
| | : | |
| **DISTRICT OF COLUMBIA**<br>**Serve: Anthony A. Williams**<br>Mayor of District of Columbia<br>John A. Wilson Building<br>1350 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004 | : | |
| | : | |
| Defendant | : | |

## REQUEST FOR JURY TRIAL

The Plaintiff, Harold Beynum, requests a Six (6) person jury trial on all issues.

BERMAN, SOBIN & GROSS, LLP

Lauren Pisano, Esq.
481 N. Frederick Avenue, #300
Gaithersburg, MD  20877
(301) 670-7030
Attorney for Plaintiff
D.C. Bar No. 492534

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**HAROLD BEYNUM**                                :
1216 Missouri Ave., N.W., Apt. 1                 :
Washington, D.C. 20011                           :
                                                 :
     Plaintiff            :
                                                 :
**v.**                                           :                    **Case No.:**
                                                 :
**J.A. Clay**                                    :
Fifth District Station                           :
1805 Bladensburg Rd., N.E.                       :
Washington, D.C. 20002                           :
                                                 :
and                                              :
                                                 :
**D.C. METROPOLITAN POLICE**                     :
**DEPARTMENT**                                   :
Fifth District Station                           :
1805 Bladensburg Rd., N.E.                       :
Washington, D.C. 20002                           :
                                                 :
and                                              :
                                                 :
**DISTRICT OF COLUMBIA**                         :
**Serve: Anthony A. Williams**                   :
Mayor of District of Columbia                    :
John A. Wilson Building                          :
1350 Pennsylvania Avenue, N.W.                   :
Washington, D.C. 20004                           :
                                                 :
     Defendant           :

## <u>LINE</u>

    MADAM CLERK: Please issue a Summons for the above-mentioned

Defendants, for service by private process.

BERMAN, SOBIN & GROSS, LLP

_____

Lauren Pisano, Esq.
481 N. Frederick Avenue, #300
Gaithersburg, MD 20877
(301) 670-7030
Attorney for Plaintiff
D.C. Bar No. 492534

CA Form 1

# Superior Court of the District of Columbia

### CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

*Harold Beynum*

*Plaintiff*

VS.

Civil Action No. _____

*J.A. Clay,* ~~000~~
~~——————————~~ *Defendant*
~~——————————~~
~~——————————~~

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

*Lauren Pisano*
Name of Plaintiff's Attorney

*Berman, Sobin & Gross, LLP*
Address
~~8620~~ *481 N. Frederick Ave,*
*Suite 300, Gaithersburg, MD*
~~20877~~ *20877*

By _____
              Deputy Clerk

Telephone *(301) 670-7030*

Date *11/14/06*

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(6)-456/May 03

CA Form 1

# Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W.,  Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

Harold Beynum

*Plaintiff*

vs.                                         Civil Action No. _____

D.C. Police
Department

*Defendant*

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below.   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Lauren Pisano
Name of Plaintiff's Attorney
Berman, Sobin &Gloss, LLP
481 N. Frederick Ave, Suite 300          By _____
Address                                                            Deputy Clerk
Gaithersburg, MD 20877

(301) 670-7030                           Date _____11/14/06_____
Telephone

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

*Harold Beynum*     *Plaintiff*

vs.

Civil Action No. _____

*District of Columbia* *Defendant*
*serve: The Mayor*
*Anthony Williams*     **SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

*Lauren Pisano*
Name of Plaintiff's Attorney
*Berman, Sobin & Gross, LLP*
*481 N. Frederick Ave, #300*     By _____
Address                      Deputy Clerk
*Gaithersburg, MD 20877*

*(301) 670-7030*     Date _____ 11/15/06
Telephone

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(6)-456(Mar) 03

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W.,  Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

*Harold Beyman*

*Plaintiff*

vs.

Civil Action No. _____

*District of*
*Columbia: serve:*
*office of the Attorney General* SUMMONS

*Defendant*

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below.    If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

*Lauren Pisano*
Name of Plaintiff's Attorney
*Beyman, Sobin & Gross, LLP*
*481 N. Frederick Ave., #300*
Address
*Gaithersburg, MD 20877*

*(301) 670-7030*
Telephone

By _____
                  Deputy Clerk

Date _____ *11/14/06* _____

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(6)-456/May 03

## Superior Court of the District of Columbia
### CIVIL DIVISION — CIVIL ACTIONS BRANCH

### INFORMATION SHEET

| Harold Beynum, Plaintiff |
|---|

vs.

| Metropolitan Police Dept. and District of Columbia, |
|---|

Case Number: [ ]

Date: 11/13/2006

*Name:*

| Lauren Pisano, Esquire |
|---|

Firm Name:

| Berman, Sobin & Gross, LLP |
|---|

Telephone No.: (301) 670-7030
Unified Bar No.: 492534

Relationship to Lawsuit

⦿ Attorney for Plaintiff
○ Self (Pro Se)
Other: [ ]

TYPE OF CASE:   ○ Non-Jury   ⦿ 6 Person Jury   ○ 12 Person Jury

Demand: $ 100,000.00   Other: [ ]

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No. [ ]   Judge [ ]   Calendar # [ ]

Case No. [ ]   Judge [ ]   Calendar # [ ]

NATURE OF SUIT:   *(Check One Box Only)*

**A. CONTRACTS**

- ☐ 01 Breach of Contract
- ☐ 02 Breach of Warranty
- ☐ 06 Negotiable Instrument
- ☐ 15 Other:

- ☐ 07 Personal Property
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance

**COLLECTION CASES**
- ☐ 14 Under $25,000 Pltf. Grants Consent
- ☐ 16 Under $25,000 Consent Denied
- ☐ 17 OVER $25,000

**B. PROPERTY TORTS**

- ☐ 01 Automobile
- ☐ 02 Conversion
- ☐ 07 Shoplifting, D.C. Code § 3441

- ☐ 03 Destruction of Private Property
- ☐ 04 Property Damage

- ☐ 05 Trespass
- ☐ 06 Other:

**C. PERSONAL TORTS**

- ☐ 01 Abuse of Process
- ☐ 02 Alienation of Affection
- ☑ 03 Assault and Battery
- ☐ 04 Automobile
- ☐ 05 Deceit (Misrepresentation)
- ☐ 06 False Accusation
- ☐ 07 False Arrest
- ☐ 08 Fraud

- ☐ 09 Harassment
- ☐ 10 Invasion of Privacy
- ☐ 11 Libel and Slander
- ☐ 12 Malicious Interference
- ☐ 13 Malicious Prosecution
- ☐ 14 Malpractice Legal
- ☐ 15 Malpractice Medical
- ☑ 16 Negligence

- ☑ 17 Personal Injury
- ☐ 18 Wrongful Death
- ☐ 19 Wrongful Eviction
- ☑ 20 Other:
- ☐ 21 Asbestos
- ☐ 22 Toxic/Mass Torts

Form CV(6)496-Feb 91

**D. OTHERS**

**I.**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 **Insurance/Subrogation**
  **Under $25,000 Pltf.**
  **Grants Consent**
- ☐ 08 Quiet Title
- ☐ 09 Special Writ (Specify)

- ☐ 10 T.R.O./Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (D.C. Code 164315)

- ☐ 25 Other:
- ☐ 26 **Insurance/Subrogation Under $25,000 Consent Denied**
- ☐ 27 **Insurance/Subrogation Over $25,000**

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [6-2713(h) or 36-3 19(a)]
- ☐ 20 Master Meter (D.C. Code 43-541, et seq.)

- ☐ 21 Petition for Subpoena [Rule 28-l(b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27 (a)(l) (Perpetuate Testimony)



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

HAROLD BEYNUM
    Vs.
J A CLAY

C.A. No.    2006 CA 008267 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge MARY A TERRELL
Date:  November 14, 2006
Initial Conference: 9:15 am, Friday, February 16, 2007
Location:  Courtroom 219
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001

Caio.doc

# FIDAVIT OF SERVICE

District of Columbia

**Superior Court**

Case Number: 06CA008267

Plaintiff:
**HAROLD BEYNUM**

vs.

Defendant:
**J.A. CLAY, ET AL**

For:
Lauren Pisano
BERMAN, SOBIN & GROSS, LLP
481 North Frederick Avenue
Suite 300
Gaithersburg, MD 20877



FILED
CIVIL ACTIONS BRANCH
DEC 1 5 2006
SUPERIOR COURT
DISTRICT OF COLUMBIA
WASHINGTON, DC

Received these papers on the 28th day of November, 2006 at 1:23 pm to be served on **DISTRICT OF COLUMBIA, THE OFFICE OF THE ATTORNEY GENERAL, 441 4TH STREET, NW, WASHINGTON, DC 20001**.

I, Tom Chedester, being duly sworn, depose and say that on the **8th day of December, 2006 at 1:30 pm, I:**

Delivered a true copy of the **ORDER, SUMMONS, COMPLAINT, REQUEST FOR JURY TRIAL AND INFORMATION SHEET** to DARLENE FIELDS who stated that they were authorized to accept for the witness/defendant in their absence.

**Description** of Person Served:  Age: 47,  Sex: F,  Race/Skin Color: Black,  Height: 5'3,  Weight: 155,  Hair: Black,  Glasses: Y

Under penalty of perjury, I certify that the above made statements are true.  I am over the age of 18 and have no interest in the above action.

ERIN GODAIRE
Notary Public, State of Maryland
County of Montgomery
My Commission Expires January 1, 2010

Subscribed and sworn to before me on the 8th day of December, 2006 by the affiant who is personally known to me.

Notary Public

**Tom Chedester**
Process Server

PRIORITY PROCESS
1200 G STREET, NW
SUITE 800 #089
WASHINGTON, DC 20005

Our Job Serial Number: 2006014282

Copyright © 1992-2001 Database Services, Inc. - Process Server's Toolbox V5.5f

1977579 VANCES 12/22/2006 3:09:27 PM

**CA Form 1**

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

*Harold Beyman*

*Plaintiff*

vs.

0006267-06

Civil Action No. _____

*District of*
*Columbia: serve:*
*office of the Attorney General*

*Defendant*

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Name of Plaintiff's Attorney

Address

Telephone

By _____
Deputy Clerk

Date _____

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

1977579 VANCES 12/22/2006 3:09:27 PM

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Harold Beynum<br>1216 Missouri Ave, NW<br>Apt. 1<br>Washington, DC 20001 | Department of Youth Rehabilitation Services, Vincent Schiraldi, David Brown, Mark Schindler, LaVern Evans, Dexter Dunbar, D.J. Thomas, and Cathy Ohler |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Lauren Pisano, Esq.<br>481 N. Frederick Avenue, Suite 300<br>Gaithersburg, MD 20877<br>(301) 670-7030 | LETICIA L. VALDES [0461327]<br>LEAH BROWNLEE TAYLOR [433298]<br>Assistant Attorney General<br>441 4th Street, N.W.<br>Sixth Floor South<br>Washington, D.C. 20001<br>(202) 442-9845; (202) 727-6295 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. *Habeas Corpus/*** **2255** | ○ **H. *Employment Discrimination*** | ○ **I. *FOIA/PRIVACY ACT*** | ○ **J. *Student Loan*** |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** ☐ **510 Motion/Vacate Sentence** | ☒ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, disability age, religion, retaliation) | ☐ **895 Freedom of Information Act** ☐ **890 Other Statutory Actions** (if Privacy Act) | ☐ **152 Recovery of Defaulted Student Loans** (excluding veterans) |
|  | *(If pro se, select this deck)* | *(If pro se, select this deck)* |  |

| ○ **K. *Labor/ERISA*** **(non-employment)** | ○ **L. *Other Civil Rights*** **(non-employment)** | ○ **M. *Contract*** | ○ **N. *Three-Judge Court*** |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** ☐ **720 Labor/Mgmt. Relations** ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** ☐ **740 Labor Railway Act** ☐ **790 Other Labor Litigation** ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** ☐ **443 Housing/Accommodations** ☐ **444 Welfare** ☐ **440 Other Civil Rights** ☐ **445 American w/Disabilities-Employment** ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** ☐ **120 Marine** ☐ **130 Miller Act** ☐ **140 Negotiable Instrument** ☐ **150 Recovery of Overpayment & Enforcement of Judgment** ☐ **153 Recovery of Overpayment of Veteran's Benefits** ☐ **160 Stockholder's Suits** ☐ **190 Other Contracts** ☐ **195 Contract Product Liability** ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting** (if Voting Rights Act) |

**V. ORIGIN**

○ **1 Original Proceeding**  ◉ **2 Removed from State Court**  ○ **3 Remanded from Appellate Court**  ○ **4 Reinstated or Reopened**  ○ **5 Transferred from another district (specify)**  ○ **6 Multi district Litigation**  ○ **7 Appeal to District Judge from Mag. Judge**

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. §§1441 and 1446.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $** [_____]   Check YES only if demanded in complaint   **JURY DEMAND:**   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

**DATE** 12/29/06   **SIGNATURE OF ATTORNEY OF RECORD** _Dee Branch Taylor_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.