UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Harold Beynum**<br>1216 Missouri Ave., NW<br>Apt 1<br>Washington, DC 20001<br><br>       **Plaintiff,**<br><br>       v.<br><br>**J.A. Clay**<br>Fifth District Station<br>1805 Bladensburg Rd., NE<br>Washington, DC 20002<br><br>and<br><br>**D.C. Metropolitan Police Dept.**<br>Fifth District Station<br>1805 Bladensburg Rd., NE<br>Washington, DC 20002<br><br>and<br><br>**District of Columbia,**<br><br>       **Defendants.** | Civil Action No. 06-2260 |

## ANSWER

The defendants D.C. Metropolitan Police Department and the District of Columbia, by and through counsel, herein answers plaintiff's Complaint, and the following answers correspond to the numbered paragraphs in the complaint:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

1. These defendants recognize the statutory authorities set forth in plaintiff's Complaint, but denies that they necessarily give this Court jurisdiction over this matter over these parties.

2. These defendants lack knowledge or information sufficient to confirm the truth or accuracy of the allegations set forth in paragraph 2 of the Complaint.

3. The defendants admit that a Metropolitan Police Department officer by the name of J.A. Clay and his partner pulled up to a residence at or around 308 F Street, NE.

4. The defendants admit that the plaintiff was handcuffed. The defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 4 of the Complaint.

5. The defendants admit that officers approached the plaintiff. The defendants deny the remaining allegations set forth in paragraph 5 of the Complaint.

6 The defendants admit that handcuffs were removed from the plaintiff and the police officers left the property.

7. The allegations set forth in paragraph 7 of the Complaint are the legal conclusions of the pleader to which no response is required.

8. The defendants deny the allegations contained in paragraph 8 of the Complaint.

## COUNT II

(Assault and Battery – Defendant D.C. Metropolitan Police Department)

9. The defendants restate and reincorporate by reference paragraphs one (1) through nine (9) of the answer to the Complaint..

10. The defendant admit the allegations in paragraph 10 of the Complaint

11. The allegations set forth in paragraph 11 of the Complaint are the legal conclusions of the pleader to which no response is required.

## COUNT III

(Assault and Battery – Defendant District of Columbia)

12.. The defendants restate and reincorporate by reference paragraphs one (1) through twelve (12) of the answer to the Complaint

13. The defendants admits the allegations in paragraph 13 of the Complaint

14. The allegations set forth in paragraph 14 of the Complaint are the legal conclusions of the pleader to which no response is required.

## COUNT IV

(Punitive Damages – Defendant J.A. Clay)

15. The defendants restate and reincorporate by reference paragraphs one (1) through fifteen (15) of the answer to the Complaint

16. These allegations relates to a defendant who has not been served with plaintiff's Summons and Complaint in accordance with the Court's rules. Therefore, these allegations do not require a response from these defendants. To the extent a response is required, these defendants deny the allegations.

## COUNT V

(Punitive Damages – Defendant D.C. Metropolitan Police Department)

17. The defendants restate and reincorporate by reference paragraphs one (1) through seventeen (17) of the answer to the Complaint

18. These defendants deny the allegations in paragraph 18 of the Complaint.

## COUNT VI

(Punitive Damages – Defendant District of Columbia)

19. The defendants restate and reincorporate by reference paragraphs one (1) through nineteen (19) of the answer to the Complaint..

20. The defendants deny the allegations set forth in paragraph 20.

## COUNT VII

(Violation of Civil Rights Under 42 U.S.C. § 1983 – Defendant J.A. Clay)

21. The defendants restate and reincorporate by reference paragraphs one (1) through twenty one (21) of the answer to the Complaint..

22-25. These allegations relate to a defendant who has not been served with plaintiff's Summons and Complaint in accordance with the Court's rules. Therefore, these allegations do not require a response from these defendants. To the extent a response is required, these defendants deny the allegations.

## COUNT VIII

(Violation of Civil Rights Under 2 U.S.C. § 1983 – Defendant Metropolitan Police Department)

26. The defendants restate and reincorporate by reference paragraphs one (1) through twenty six (26) of the answer to the Complaint..

27.- 32. The defendants deny the allegations set forth in paragraphs 27-32 of the Complaint.

## COUNT IX

(Violation of Civil Rights Under 2 U.S.C. § 1983 – Defendant District of Columbia)

33. The defendants restate and reincorporate by reference paragraphs one (1) through thirty three (33) of the answer to the Complaint..

34- 39.    The defendants deny the allegations set forth in paragraphs 34-39 of the Complaint.

## COUNT X

(Violation of Civil Rights Under 42 U.S.C. § 1983 – John Doe Supervisors)

40.    The defendants restate and reincorporate by reference paragraphs one (1) through forty one (40) of the answer to the Complaint..

41.-45.    These allegations relate to individuals who have not been identified. Therefore, these allegations do not require a response from these defendants.  To the extent a response is required, these defendants deny the allegations.

In further response to the Complaint, the defendants deny all allegations of negligence or other wrongful conduct not expressly denied or otherwise responded to.

*Second Defense*

Defendant DC. Metropolitan Police Department is *non sui juris.*

*Third Defense*

Plaintiff cannot establish a 42 U.S.C. § 1983 against the District of Columbia.

*Fourth Defense*

The District cannot be held liable for the alleged unconstitutional misconduct of its employees.

*Fifth Defense*

Plaintiff's claims may be barred by the statute of limitations and/or D.C. Official Code § 12-309.

5

*Sixth Defense*

If plaintiff was injured as alleged, his injuries may have been the result of some third party not associated with these defendants, or its agents acting within the scope of employment.

*Seventh Defense*

Plaintiff's stop and frisk and/or detention was justified and in accordance with the law.

*Eighth Defense*

Plaintiff is not entitled to punitive damages against these defendants.

*Ninth Defense*

Plaintiff was not assaulted and/or battered as alleged in the Complaint.

*Tenth Defense*

Plaintiff cannot establish the intent element necessary to support his assault and battery claim.

**SET-OFF**

Defendant District claims a set-off against any judgment for any and all public benefits, including Medicaid, Plaintiff may have received from the District of Columbia.

**JURY DEMAND**

These defendants demand a trial by the maximum number of jurors permitted by law of all issues so triable.

    Respectfully submitted,

    LINDA SINGER
    Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

\_\_\_\_\_/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


\_\_\_\_\_/s/_____
LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7854; (202) 727-6295
leah.taylor@dc.gov