IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **HAROLD BEYNUM,** | : | |
| | : | |
| Plaintiff, | : | Civil Action 06-2260 (RWR) |
| | : | |
| v. | : | |
| | : | |
| **DISTRICT OF COLUMBIA,** *et al.,* | : | |
| | : | |
| Defendants. | : | |

### MEET AND CONFER STATEMENT

Plaintiff, Harold Beynum, by and through his counsel, Lauren Pisano and Berman, Sorbin & Gross, jointly with the Defendant District of Columbia, by and through its counsel, Eric Glover, Assistant Attorney General, and pursuant to LCvR 16.3(a) of the Local Rules and Fed.R.Civ.P 26(f) and 26(f)1, submit this Meet and Confer Statement, and state as follows.

**(1)    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

The District intends to file a dispositive motion at the close of discovery. The parties agree that discovery may commence after the entry of the Scheduling Order.

**(2)    The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The Parties do not anticipate joining additional parties to this case, or filing amended pleadings.

**(3)    Whether the case should be assigned to a magistrate judge for all purposes including trial.**

The parties do not request assignment of this matter to a magistrate judge, except for purposes of mediation.

**(4)    Whether there is a realistic possibility of settling the case.**

The District will entertain all reasonable settlement offers.  Plaintiff believes this matter can be settled.

**(5)    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Plaintiff believes that early mediation in this matter might be beneficial.  The District believes that mediation will not be beneficial until some discovery has taken place.

**(6)    Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross motions, oppositions and replies; and proposed dates for decision on the motions.**

Plaintiff contends that there are numerous genuine issues regarding material facts and that neither party would be entitled to a dismissal or judgment as a result of a summary judgment motion.

However, the District believes that some, if not all, of the issues may be resolved at the summary judgment stage and propose the following deadlines:

| | |
|---|---|
| Discovery closes: | by August 8, 2008 |
| Summary Judgment motion | by September 8, 2008 |
| Oppositions to Summary Judgment motion | by October 8, 2008 |
| Reply Briefs | by October 22, 2008 |

**(7)   Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree to waive initial disclosures and shall proceed with discovery as outlined and approved by this court in its scheduling order.

**(8)   The anticipated extent of discovery, how long discovery should take, what limits should be place on discovery, whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, request for admissions and depositions.**

The parties anticipate the exchange of interrogatories, request for production of documents, admissions and the taking of depositions during the discovery period. Given the number of witnesses involved in the litigation and the issues in contention, the parties believe that four (4) months would suffice to complete the discovery. Each party is to take no more than ten (10) depositions. The parties propose that any limits on discovery be governed by the applicable Federal Rule.

**(9)   Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified and whether and when depositions of experts should occur.**

The parties do not plan to present expert testimony at trial. The District reserves it right to designate an expert(s) if the need arises.

**(10)   In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion,**

**and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

As this matter does not involve class certification, this is not an issue before the court.

**(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The District may request bifurcation during the discovery period, or at trial should the need arise.

**(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

In light of the other deadlines, including the proposed dispositive motions deadlines, the parties request that a pretrial conference date be set following the resolution of any dispositive motions.

**(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after the conference.**

The parties request that this court set a firm date at the pretrial conference.

**(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None at this time.

4

Respectfully Submitted,

_____
Lauren E. Pisano, Esq.
Bernan, Sobin & Gross, LLP
481 N. Fredrick Avenue, Suite 300
Gaithersburg, MD 20877
Washington, D.C. 20036
Telephone (301) 670-9492
Counsel for the Plaintiff.


PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


/s/ Eric S. Glover_____
ERIC S. GLOVER [978841]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-442-9754; 202-727-6295
E-mail:  Eric.glover@dc.gov
Counsel for Defendants

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HAROLD BEYNUM,** : | |
| : | |
| **Plaintiff,** : | Civil Action 06-2260 (RWR) |
| : | |
| v. : | |
| : | |
| **DISTRICT OF COLUMBIA,** *et al.,* : | |
| : | |
| **Defendants.** : | |

## SCHEDULING ORDER

Upon consideration of the parties' joint meet and confer statement, it is this ___ day of _____, 2008, hereby **ORDERED** as follows:

1.  <u>Case Tracking Category</u>.  The case is assigned to an standard track, with certain modifications.  Written discovery requests shall be served no later than 60 days before the close of discovery and all discovery will close BY August 8, 2008.

2.  <u>Dispositive Motions</u>.  Any dispositive motion must be filed in accordance with the following schedule:

    | | |
    |---|---|
    | Summary Judgment motion | By September 8, 2008 |
    | Oppositions to Summary Judgment motion | By October 8, 2008 |
    | Reply Briefs | By October 22, 2008 |

3.  <u>Initial Disclosures</u>.  Initial disclosures will be waived.

4.  <u>Discovery</u>.  Discovery will close by August 8, 2008.

5.  <u>Experts</u>.  Plaintiffs will designate their expert(s), if any, by April 30, 2008, and the District shall designate its expert(s), if any by May 30, 2008.

6. <u>Pretrial Conference</u>. The pretrial conference will be held after the ruling on any filed dispositive motion, and if no motion has been filed, within thirty (30) days of the discovery close date.

7. <u>Trial Date</u>. The trial will be set at the pretrial conference.

**SO ORDERED.**

 

_____
The Honorable Richard W. Roberts
Judge,
United States District Court for the
District of Columbia